**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 23-2113**

MARITZA ARELY MARTINEZ DE LEON; C.H.S.M.; S.B.S.M.; A.N.S.M.,

Petitioners,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted:  May 30, 2024                    Decided:  June 3, 2024

Before GREGORY and HARRIS, Circuit Judges, and MOTZ, Senior Circuit Judge.

Petition denied by unpublished per curiam opinion.

**ON BRIEF:**  Eric R. Suarez, SANABRIA & ASSOCIATES, PLLC, Silver Spring, Maryland, for Petitioners.  Brian M. Boynton, Principal Deputy Assistant Attorney General, Anthony P. Nicastro, Assistant Director, Kristen H. Blosser, Office of Immigration Litigation, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Maritza Arely Martinez De Leon and her three minor children, natives and citizens of El Salvador, petition for review of an order of the Board of Immigration Appeals dismissing their appeal from the immigration judge's oral decision denying Martinez De Leon's applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT).[*] We deny the petition for review.

Martinez De Leon first challenges the agency's ruling that her advanced "particular social group" was not legally cognizable, which was dispositive of Martinez De Leon's claims for asylum and withholding of removal. We have reviewed this issue de novo, *Morales v. Garland*, 51 F.4th 553, 557 (4th Cir. 2022), and discern no error in the agency's holding. Specifically, we agree that the proposed group—"Salvadoran women who oppose gang demands"—was, at most, distinct only from the perspective of the alleged persecutors, not within Salvadoran society at large, *id*. at 557-58, and that Martinez De Leon failed to advance sufficient "evidence that society in general commonly considers persons sharing the particular characteristic to be a group," *Nolasco v. Garland*, 7 F.4th 180, 188 (4th Cir. 2021). Moreover, we have repeatedly rejected proposed social groups that are predominately rooted in the group members' opposition to gang recruitment or demands. *See Zelaya v. Holder*, 668 F.3d 159, 166-67 (4th Cir. 2012) (holding that resisting gang recruitment does not satisfy the requirements for a protectable social group).

---

[*] Martinez De Leon's minor children were riders on her asylum application, *see* 8 U.S.C. § 1158(b)(3), and are identified as petitioners in this court by their initials.

2

Next, Martinez De Leon asserts that the Board erred in failing to consider her minor children's individual claims, which were predicated on their familial relationship to Martinez De Leon. But the record confirms the Board's conclusion that Martinez De Leon waived this issue by failing to raise it in her administrative appeal brief. As such, we agree with the Attorney General that this argument is not administratively exhausted, *see* 8 U.S.C. § 1252(d)(1), and, thus, not properly before us for review, *see Tepas v. Garland*, 73 F.4th 208, 213 (4th Cir. 2023) (observing that, although § 1252(d)(1) is not jurisdictional, it "remains a mandatory claim-processing rule"). Finally, as to the denial of Martinez De Leon's application for CAT relief, we have reviewed the record and conclude that the evidence does not compel a ruling contrary to the relevant administrative factual findings, *see* 8 U.S.C. § 1252(b)(4)(B), and that substantial evidence supports the denial of relief, *see Nasrallah v. Barr*, 590 U.S. 573, 584 (2020).

Accordingly, we deny the petition for review. *See In re Martinez De Leon* (B.I.A. Sept. 25, 2023). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DENIED*